**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **LaCresa Jean Vestal**, | |
| Plaintiff, | Case No. 9:21-cv-17 |
| v. | |
| **Citizens Disability LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**LaCresa Jean Vestal** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Citizens Disability, LLC** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Livingston, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 1075 Main Street, 4th Floor, Waltham, Massachusetts 02451.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number ending in 6498.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in March of 2020, Defendant repeatedly placed calls to Plaintiff on her cellular phone ending in 4028.

13. When placing these calls to Plaintiff, Defendant used an automatic telephone dialing system and/or pre-recorded message.

14. Plaintiff knew the calls were placed using an automatic telephone dialing system and/or pre-recorded message as Plaintiff would hear a noticeable pause or delay before a live person came on the telephone line.

15. Defendant's calls were not made for "emergency purposes."

16. Plaintiff did not consent to these communications and did not seek information from Defendant.

14. Plaintiff has been on the Do Not Call Registry since December 11, 2004.

15. Since Plaintiff was on the Do Not Call Registry, any calls could have only been made solely for purposes of harassment.

16. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

17. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUN TI
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

17. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

18. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 11, 2004.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 11, 2004.

35. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERICAL CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

42. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all

reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

        **Wherefore**, Plaintiff, **LaCresa Jean Vestal,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    g.    Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

    h.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

    i.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **LaCresa Jean Vestal,** demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 1/27/2021 | By: *s/ Amy L. Bennecoff Ginsburg*<br>Amy L. Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: teamkimmel@creditlaw.com |